UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-10018-RGS

ADAM MOORE

v.

BRISTOL MYERS SQUIBB, DAVID
SHEPPERLY, and CLAUDIA PEZZINA

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO COMPEL ARBITRATION

March 17, 2023

STEARNS, D.J.

Adam Moore brings this lawsuit against his former employer, defendant Bristol Myers Squibb, for his termination on June 21, 2022, based on his failure to comply with the company's COVID-19 vaccine policy.[1] Moore claimed a sincere religion-based aversion to use of the vaccine and his request for a religious accommodation was denied. After initiating arbitration as required by his employment agreement, Moore filed a petition to stay the arbitration in state court; defendants removed here. Defendants now ask this court to compel Moore to participate in the ongoing arbitration.

---

[1] While Moore includes the two individual defendants in the caption of his state court filing and mentions them once in the body of his pleading, he fails to identify them. The court assumes that they are employees of Bristol Myers Squibb.

## BACKGROUND

Bristol Myers hired Adam Moore as an Operations and Maintenance Associate on February 18, 2020. As a condition of Moore's employment, Bristol Myers required Moore to read and accept the company's Arbitration Agreement. *See* Small Decl. (Dkt # 16-1) ¶¶ 2-3. Relevant to this motion, the Arbitration Agreement provides that it is governed by the Federal Arbitration Act (FAA) and that:

> all disputes, claims, complaints, or controversies ("Claims") that [Plaintiff] ha[s] now, or at any time in the future may have, against Bristol-Myers Squibb Company . . . including claims relating to . . . wrongful discharge, discrimination and/or harassment claims, retaliation claims, claims for overtime, wages, leaves, paid time off, sick days, compensation . . . including but not limited to claims under . . . Title VII of the Civil Rights Act of 1964 . . . The Massachusetts Wage Act, and any other claim under any federal, state or local statute . . . arising out of and/or related to [his] . . . employment with the Company, and/or termination of [his] employment with the Company . . . will be resolved by arbitration and NOT by a court or jury. THE PARTIES HEREBY FOREVER WAIVE AND GIVE UP THE RIGHT TO HAVE A JUDGE OR A JURY DECIDE ANY COVERED CLAIMS.

Small Decl., Ex. A at ¶ 1 (emphasis in original). The Agreement explicitly lists the types of employee claims not subject to arbitration:

    a. Claims for workers' compensation benefits.

    b. Claims for unemployment compensation benefits.

    c. Claims for benefits under a plan that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

    d. Claims that are subject to the exclusive jurisdiction of the National Labor Relations Board.

    e. Any claim that is expressly precluded from inclusion in this Arbitration Agreement by a governing federal statute.

*Id.* ¶ 3. The Agreement informs the employee that its terms are a condition of employment stating that, "if you begin employment with the Company without signing the Agreement it will be effective, and you will be deemed to have agreed to, ratified, and accepted this Agreement through your knowledge of it you're your acceptance of and/or continued employment with the Company." *Id.* ¶ 6(f). Moore signed the Arbitration Agreement on January 28, 2020. *Id.* at 5. In executing the Agreement, Moore represented that he "carefully read this Agreement," "underst[ood] the terms of this Agreement," and "enter[ed] into this Agreement voluntarily." *Id.*

    Bristol Myers terminated Moore's employment on June 21, 2022. Moore had filed a Demand for Arbitration with Judicial Arbitration and Mediation Services (JAMS), the arbitration entity set out in the Agreement. Honorable Nancy Holtz (ret.) was appointed (chosen according to the parties' rankings of seven proposed arbitrators) and a schedule was set. Discovery in the arbitration had commenced, Moore's deposition had been taken, and the dispositive motion deadline was set for the following month,

when, on December 9, 2022, Moore filed a request to stay the arbitration in the Middlesex County Superior Court. Moore based his request to forgo the arbitration process on his belief that all JAMS staff had received the COVID-19 vaccine and consequently would be bias in handling his dispute. *See* Dkt. No. 1-B. In Moore's state court filing he asserts that "[t]his court has jurisdiction due to the location of the parties, amount in question, nature of the claims and that **1st amendment issues are always in the public's interest.**" Pet. at 3 (emphasis in original). Moore also states that Bristol Myers "[a]pplied a policy with disparate treatment of both secular and non-secular objections in violation of The Civil Rights Act 1964." Bristol Myers removed the case to this court.

After the court denied Moore's motion to remand (Dkt #14), Bristol Myers filed a motion to compel Moore to reengage in his previously filed arbitration at JAMS. *See* Dkt # 15. Moore opposes the motion. *See* Dkt # 20.

## DISCUSSION

"[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). The liberal policy favoring arbitration in the FAA requires "ambiguities as to the arbitration clause itself [to be] resolved in favor of arbitration." *Ouadani v. TF Final Mile LLC*, 876

4

F.3d 31, 36 (1st Cir. 2017) (quoting *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 476 (1989)).

A party that seeks to compel arbitration pursuant to the FAA, 9 U.S.C. § 1, *et seq.*, must show "(1) that a valid agreement to arbitrate exists, (2) that the movant is entitled to invoke the arbitration clause, (3) that the other party is bound by that clause, and (4) that the claim asserted comes within the clause's scope." *Ouadani,* 876 F.3d at 36, quoting *InterGen N.V. v. Grina*, 344 F.3d 134, 142 (1st Cir. 2003). *See also Hoolahan v. IBC Advanced Alloys Corp.*, 947 F.3d 101, 112 (1st Cir. 2020) (explaining requirements of Section 10(a) of the Federal Arbitration Act). The First Circuit reviews motions to compel arbitration under the FAA pursuant to the summary judgment standard. *See Air-Con, Inc. v. Daikin Applied Latin Am., LLC*, 21 F.4th 168, 175 (1st Cir. 2021).

Ultimately, Moore bears the burden of demonstrating that his claims are outside the scope of arbitrable claims. *See Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000) ("[A] party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration."). In his Opposition, Moore argues that his termination (and the arbitration) is based on "[t]he 'Covid-19 Vaccination and Testing: Emergency Temporary Standard' [which was] withdrawn by OSHA [and] . . . was never a federal

5

state or local statute." Pl.'s Opp'n at 2. As the cited portions of the Agreement and Moore's own pleadings make clear, the bases of Moore's claims are discrimination under employment statutes and free exercise of his religious beliefs under the First Amendment to the United States Constitution – which he believes include the right not to vaccinate. There is no legitimate argument that Moore's claims regarding his termination are not arbitrable under the parties' Agreement.

To succeed on a motion to stay the proceedings, Moore must demonstrate (1) a likelihood of success on the merits; (2) that he will be irreparably injured absent a stay; (3) that issuance of the stay will not substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Nken v. Holder*, 556 U.S. 418, 425-426 (2009) (internal quotations omitted). In *Nken,* the Supreme Court tells us that "[t]he first two factors . . . are the most critical." *Id.* at 434. In his Opposition, Moore focuses almost entirely on arbitrability. Moreover, the court agrees with defendants' position as to the first two factors that Moore offers nothing more than an accusation of bias and, notwithstanding, he can ask for review of any "evident partiality." *See* 9 U.S.C. § 10(a)(2). While the third factor is of less consequence, defendants have invested time, energy, and expense in participating in the arbitration process. As to the fourth

factor, Moore argues that "First Amendment issues are always in the public interest [and that] this action must be allowed in open court." However, Moore agreed to arbitrate such claims, and that is where his case must begin.

## ORDER

The motion to compel arbitration is <u>ALLOWED</u>. This case, initiated by Moore in state court and removed to this court by defendants, is <u>DISMISSED</u>.

                                        SO ORDERED.

                                        <u>Richard G. Stearns</u>             
                                        UNITED STATES DISTRICT JUDGE